Submitted on record and brief January 5, reversed and remanded March 28, 2007

## Maura WARREN,
*Plaintiff-Appellant,*

*v.*

## Daniel R. LICON
## and Susan A. Licon,
*Defendants-Respondents.*

Lincoln County Circuit Court
055764; A131968

156 P3d 81

Maura Warren filed the brief *pro se.*

No appearance for respondents.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff initiated this action under the Oregon Residential Landlord and Tenant Act (RLTA), ORS chapter 90. The trial court dismissed the action after finding that plaintiff and defendants did not, in fact, have a landlord-tenant relationship. Plaintiff now appeals, arguing that the trial court erred in making that decision without taking testimony or providing her with an opportunity to present her case. We agree and reverse and remand.

The state of the record is not entirely clear, but this much appears undisputed. Plaintiff lived in a trailer on property that was owned by her mother. Plaintiff's mother sold the property to defendants. When defendants moved onto the property, they found several items of personal property that plaintiff appeared to have left on the site. Defendants apparently disposed of that property or at least did not permit plaintiff to recover it.

Plaintiff objected to the disposition of her personal effects and filed a forcible entry and detainer (FED) action against defendants, alleging that defendants had failed to return her personal property. *See* ORS 105.112 (providing that a tenant may bring an action to recover personal property retained by a landlord in violation of RLTA). She attached to her complaint a long list of items that she contends she left on the property and that defendants either disposed of or refused to permit her to recover. Defendants answered, denying that plaintiff is entitled to recover the items of personal property, because they purchased the real property on which they found the items "free of all encumbrances."

The parties waived a jury trial, and the case was set for trial to the court. The parties represented themselves at the trial. The court did not administer the oath to any witnesses, nor was any party permitted to question another party. The court heard from defendant Daniel Licon, who explained that "we were never [plaintiff's] landlord." Daniel told the court that he and his wife had purchased the property and that plaintiff's mother had assured them that plaintiff "would go her own way." Defendant Susan Licon similarly

testified that "we were never landlords. The property closed." According to Susan, "the problem's between [plaintiff] and her mother."

Plaintiff briefly addressed the court. She complained that defendants retained her property, and she wanted to be able to regain possession. She asserted that defendants had refused her access to the property to pick up the items still in defendants' possession. Plaintiff stated that she had witnesses and documentation concerning defendants' refusal to permit her access. Daniel interjected that he had not refused her access to the property. Susan also asserted that she had not refused plaintiff access to the property. Plaintiff said, "That's not true, Your Honor."

At that point, the court explained that it was clear that "this isn't an FED trial. I thought this was FED, that you were renters." Plaintiff attempted to explain why she believed that the RLTA applied. She asserted that "just because the property sold does not—I never received an eviction." The trial court, however, stopped the proceeding, telling plaintiff that "[y]ou had plenty of time to get on the property. I'm not going to go any further on this." The court entered a judgment dismissing plaintiff's claim, finding that "Defendants were buyers of real estate from Plaintiff's mother, and Defendant[s] and Plaintiff never had a ORS Chapter 90 landlord-tenant relationship."

■ On appeal, plaintiff complains that the trial court erred in summarily terminating the trial and dismissing her claim. Specifically, plaintiff complains that no sworn testimony was taken, the testimony was contradictory, the court refused to consider documents, and did not allow her to present her case, including documents and witnesses. Defendants have not appeared on appeal.

We agree that the trial court erred in dismissing the case before plaintiff was permitted an opportunity to present her case. We are mindful of the fact that FED actions are intended to be limited in scope and that the proceedings are often streamlined. *See Class v. Carter*, 293 Or 147, 150-51, 645 P2d 536 (1982) (FED proceedings are "designed to be quick and summary"). Nevertheless, all parties must be afforded an opportunity to present their case, and there must

be a record that is sufficient for us to determine the correctness of the trial court's decision.

■      In this case, the trial court may well have been correct in dismissing the action. But, on the record before us, we cannot determine whether that is so. Plaintiff was not permitted to speak to the issues that the court found dispositive. And the record does not otherwise demonstrate one way or the other whether this case is, in fact, cognizable under the RLTA.

Reversed and remanded.